# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NELDA LEE BILLY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBORAH R. FISHER, and )<br>MEDICAL CENTER OF )<br>MCKINNEY, )<br>)<br>Defendants, ) | Case No. CIV-17-142-SPS |

## OPINION AND ORDER

This matter comes before the Court on Defendant Deborah Fisher, M.D.'s 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Opening Brief in Support [Docket No. 13] and Defendant Medical City McKinney's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(2)(3) and (6) [Docket No. 16]. For the reasons set forth below, the Court finds that these motions should be granted to the extent that personal jurisdiction over these Defendants is lacking, and that the case should therefore be dismissed.

## BACKGROUND

The Plaintiff in this case is alleging injury arising out of the placement of a spinal cord stimulator. She alleges that Defendant Fisher placed the spinal cord stimulator, and that negligent care by all of the Defendants caused her partial paralysis, pain, and suffering. *See* Docket No. 2.

This case is brought under this Court's diversity jurisdiction, as Defendant Fisher is a physician licensed and practicing in the state of Texas and Defendant Medical Center of

McKinney is a Texas Corporation with a principal place of business in Texas, while the Plaintiff is a resident of Oklahoma. Defendant Fisher asserts that this Court lacks personal jurisdiction over her as she has no minimum contacts with the state of Oklahoma and exercise of jurisdiction does not comport with fair play and substantial justice. Defendant Medical City McKinney[1] likewise asserts that this Court lacks personal jurisdiction, and further asserts that this Court is the improper venue, and that Plaintiff has failed to state a claim for relief. In light of the pending motions, this Court held an evidentiary hearing on August 10, 2018, at which time the parties presented further argument as to the merits. *See* Docket No. 36.

## ANALYSIS

In this challenge to personal jurisdiction, the Plaintiff bears the burden of establishing that the Court has personal jurisdiction over the Defendants. "Whether a federal court has personal jurisdiction over a nonresident defendant in a diversity action is determined by the law of the forum state." *Yarbrough v. Elmer Bunker & Assoc.*, 669 F. 2d 614, 616 (10th Cir. 1982). This inquiry is governed by the principles of due process. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) ("Where, as in Oklahoma, the state long arm statute supports personal jurisdiction to the full extent constitutionally permitted, due process principles govern the inquiry.") [citation omitted].

---

[1] Although Plaintiff has named Medical Center of McKinney in this case, the proper name is actually Medical City McKinney, which the Plaintiff does not dispute. As such, the Court will hereafter refer to the Defendant as Medical City McKinney.

Although personal jurisdiction can be general or specific, the Plaintiff only addresses specific jurisdiction in her response, so the Court will likewise only address the issue of specific jurisdiction.[2] *See Neuer v. Dental Resource Systems, Inc.*, 2015 WL 4634044, at *2 (D. Kan. July 27, 2015) ("[P]laintiff's response only addresses specific jurisdiction. The court will therefore only analyze specific jurisdiction.").

In order to determine whether there is specific jurisdiction, the Court engages in a two-part inquiry. "First, we must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Insurance Company of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998), *quoting World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980). "In this arena, the Supreme Court has instructed that the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "The purpose of the 'purposeful direction' component is 'to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state.' The "arise out of" factor requires there be a causal connection between the defendant's activities in the forum and the lawsuit." *Outdoor Channel, Inc. v. Performance Media, LLC*, 826 F. Supp. 2d 1271, 1280

---

[2] The Court notes, however, that even under principles of general jurisdiction Plaintiff cannot establish personal jurisdiction over the Defendants.

(N.D. Okla. 2011). "Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, and whether the plaintiff's claim arises out of or results from 'action by the defendant *h[er]self* that created a substantial connection with the forum state.'" *OMI*, 149 F.3d at 1091, *quoting Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987) [emphasis in original].

The Court recognizes that each case is fact-specific, and "must be decided according to the facts presented and the nature of the specific contacts with the forum state." *Dunn v. United Reg'l Health Care Sys., Inc.*, 2009 WL 918402, at *4 (W.D. Okla. Apr. 2, 2009), *citing Hargrave v. Concord Moon, L. P.,* 278 Fed. Appx. 853, 855 (10th Cir. 2008), *citing Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445 (1952). And "[s]ince we are at the pleading stage, the Court considers true the plaintiffs' factual assertions that are plausible on their face. However, because this is a motion to dismiss for lack of personal jurisdiction, '[t]he allegations in the complaint must be taken as true [only] to the extent they are uncontroverted by the defendant's affidavits.'" *Leachman Cattle of Colorado, LLC v. Am. Simmental Ass'n*, 66 F. Supp. 3d 1327, 1331 (D. Colo. 2014), *quoting Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir. 1990) (citation and quotation marks omitted). The Court will address personal jurisdiction as to each of the Defendants in turn.

**Deborah R. Fisher, M.D.** The Tenth Circuit has recognized that, "[i]n the context of doctor-patient litigation, special rules have evolved to ensure that personal jurisdiction is asserted over a doctor only when she has purposefully availed herself of the privileges of conducting activities within her patient's state." *Kennedy*, 919 F.2d at 129. This is so

because, "[w]hile a doctor's practice may be local, she may often treat out-of-state patients who seek her help. Thus, courts have had to fashion jurisdictional rules when doctors who have essentially local practices become involved in another state not as a result of their intention to do so but, rather, as a result of the action of their out-of-states patients." *Id.* To be clear, a doctor's solicitation of business is not the deciding fact; rather the key question is whether the Defendant directed her activities to the forum resident. *Id.*, *citing Lanier v. American Board of Endodontics*, 843 F.2d 901, 910 (6th Cir. 1988). However, simply inquiring about a patient's care is likely not enough, and "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). *See, e. g.*, *Hill v. United States*, 815 F. Supp. 373, 377 (D. Colo. 1993) (no personal jurisdiction where, during several phone calls, a physician/grandfather made no new diagnosis and asked about the patient's care, but did not make a diagnosis, order any procedures, or change the course of treatment).

In the *Kennedy* case, the Tenth Circuit found personal jurisdiction where the physician "willingly accepted the sample from Oklahoma; he signed a report establishing the thickness of lesion; and he evidently sent his bill there. Freeman rendered his diagnosis to Kennedy in Oklahoma, through the mail, knowing its extreme significance and that it would be the basis of Kennedy's further treatment there." 919 F.2d at 129. As such, the Court found that asserting jurisdiction was "compatible with the notions of 'fair play and substantial justice' embodied in the Due Process Clause." *Id.*, *quoting Burger King*, 471 U.S. at 476. In contrast, *in this case*, Dr. Fisher is not licensed to practice medicine in Oklahoma, does not solicit business or advertise in any way in Oklahoma, and she has no

offices or residences in Oklahoma.  Moreover, she performed the procedure at issue on the Plaintiff at the McKinney Surgery Center in McKinney, Texas, and she has not contacted any Oklahoma physician with regard to the Plaintiff, nor is there any indication that she called in a prescription for the Plaintiff in Oklahoma.  *See* Docket No. 23, Ex. 1. Additionally, the Plaintiff was insured through Medicare, along with a supplemental insurance policy through Loyal American Life Insurance, and Dr. Fisher's office did not send a bill to the Plaintiff in Oklahoma.  *Id*.

The Plaintiff nevertheless asserts that personal jurisdiction can be established because:  (1) Dr. Fisher's pain management medical practice website is directed at patients in the "Texoma" area, which means both Texas and Oklahoma; (2) the website further provides a map with directions from Highway 75, which runs, in part, through the Plaintiff's hometown of Durant, Oklahoma and Dr. Fisher's medical practice in Sherman, Oklahoma; (3) she is affiliated with two hospitals that seek to attract Oklahoma residents; (4) Dr. Fisher accepts referrals of Oklahoma patients; and (5) she accepts insurance from Blue Cross Blue Shield PPO, which is a national insurance provider.  Upon further inspection, however, these assertions are insufficient for personal jurisdiction.

As to Dr. Fisher's website, the Court finds that the use of the word "Texoma" on her website is not alone grounds for personal jurisdiction.  And although the Plaintiff accurately asserts that Dr. Fisher's website provide instructions for arriving at her office from Highway 75, the instructions are not based on a reference point from Oklahoma. While the Plaintiff included as an exhibit a map with a line between Durant, Oklahoma and Sherman, Texas, where Durant is circled and Sherman has a "pin" drawn on it, *see* Docket

No. 21, Ex. 6, p. 2, the Plaintiff's website only includes an embedded map from Google Maps and unchallenged argument from Defendant's counsel at the evidentiary hearing was that the handwritten potions were done after the image was printed and are not a part of the website. *Shrader*, 633 F.3d at 1242 n.5 ("'A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.'"), *quoting Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

As to Dr. Fisher's affiliations with Texoma Medical Center and Wilson N. Jones Regional Medical Center ("WNJ"), Dr. Fisher indicated in an unchallenged affidavit that she is not employed by either hospital, that she relinquished any courtesy privileges at WNJ in 2015, and that while she does have courtesy privileges at Texoma Medical Center, less than 1% of her procedures are performed there. And the Plaintiff has presented no support for her argument that the hospitals' contacts with Oklahoma should confer jurisdiction over Dr. Fisher in this case. *Walden*, 571 U.S. at 286 ("'Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."), *quoting Burger King,* 471 U.S. at 475, (internal quotation marks omitted). This same reasoning applies to Plaintiff's argument regarding her acceptance of insurance from a nationwide insurance provider.

Finally, Dr. Fisher's acceptance of referrals from other physicians, alone, is insufficient to establish that she "directed" her activities to the Plaintiff. In fact, this appears to be exactly what the Tenth Circuit had in mind when crafting these special rules

in relation to "doctors who have essentially local practices [who] become involved in another state not as a result of their intention to do so but, rather, as a result of the action of their out-of-states patients." *Kennedy*, 919 F.2d at 129, ("Whether a 'party solicited the business interface is irrelevant, so long as defendant then directed its activities to the forum resident.'"), *quoting Lanier*, 843 F.2d at 910.

**Medical City McKinney.** As to the hospital, Plaintiff asserts that Medical City McKinney granted physician privileges to Dr. Fisher at the time of her injury, and that the hospital is listed on "various websites" as a provider to patients residing in Durant, Oklahoma. In support, Plaintiff has attached Exhibits from two websites that list the hospital as "near" Durant, Oklahoma. *See* Docket No. 21, Exs. 9-10. Neither of the websites are in any way affiliated with Medical City McKinney, but are rather third party search engines that are not maintained by the hospital, and the hospital did not compensate them in any way for the advertisement or the listing. *See* Docket No. 24, Ex. 1, p.2. Therefore, the Court finds that it does not have specific jurisdiction over Medical City McKinney because Plaintiff has not made a *prima facie* case to establish the requisite minimum contacts. Plaintiff has provided no evidence that the hospital itself has in any way purposefully directed its activities in any way at resides of Oklahoma. Here, the websites provided in support of personal jurisdiction are not even maintained by the Defendant Medical City McKinney. *Walden*, 571 U.S. at 286 (""Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."), *quoting Burger King,* 471 U.S. at 475, (internal

quotation marks omitted). *See also Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 618 (10th Cir. 2012) ("[T]he rig's 'presence in the forum arose from the unilateral acts of someone other than' RG Petro, and generally 'courts have been unwilling to allow states to assert personal jurisdiction' under such circumstances."), *quoting OMI*, 149 F.3d at 1092.

In summary, the Court finds personal jurisdiction is lacking as to both defendants in this case. Dismissal is therefore appropriate unless the interests of justice require that the case be transferred instead of dismissed. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]"). The Plaintiff urges the Court to transfer the case to the Northern District of Texas, Dallas Division, but there is nothing here to indicate that the interests of justice would require such a transfer; the Plaintiff does not, for example, argue that her claims would be time-barred if the case is dismissed by this Court. *See, e. g., ConocoPhillips Co. v. Jump Oil Co., Inc.*, 948 F. Supp. 2d 1272, 1284 (N.D. Okla. 2013) ("When deciding whether to dismiss or transfer a case, a district court should consider whether the case would be time-barred if re-filed, if the plaintiff's claims are likely to have merit, and if the plaintiff acted in good faith by filing in the selected forum."), *citing Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). Indeed, it seems likely that her claims *would not* be time-barred, as the governing state law would appear to allow her sixty days to re-file her case in a court where personal jurisdiction is not lacking. *See* Tex. Civ. Prac. &

Rem. Code § 16.064(a)(2) ("The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if . . . not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction."). The Court therefore declines the Plaintiff's invitation to transfer the case to the Northern District of Texas, Dallas Division, in lieu of dismissal.

## CONCLUSION

The Court finds that it lacks personal jurisdiction over Defendants Deborah Fisher, M.D., and Medical City McKinney. Accordingly, IT IS HEREBY ORDERED that the Defendant Deborah Fisher, M.D.'s 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Opening Brief in Support [Docket No. 13] and the Defendant Medical City McKinney's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(2)(3) and (6) [Docket No. 16] are GRANTED to the extent that personal jurisdiction is lacking pursuant to Fed. R. Civ. P. 12(b)(2). Said motions are otherwise DENIED. IT IS FURTHER ORDERED that the above-styled case is hereby DISMISSED for lack of personal jurisdiction.

**DATED** this 7th day of September, 2018.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma